UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19CR01031 AGF (SMP) |
| | ) |
| JODY BRISON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the Defendant's pretrial motion.  All pretrial motions were referred to United States Magistrate Judge Shirley Padmore Mensah under 28 U.S.C. § 636(b).  Defendant Jody Brison filed a Motion to Suppress Identification. (Doc. No. 57).  Defendant is charged by Indictment with one count of carjacking, in violation of 18 U.S.C. § 2119; one count of possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of being a felon in possession of a firearm, in violation of 18 U.S. C. § 922(g)(1), all related to an alleged carjacking that occurred on November 21, 2019.  (Doc. No. 1).

In his motion to suppress, Defendant asserts that the show-up identification by the victim was unnecessarily suggestive, and that it tainted the identification and rendered the identification unreliable and inadmissible.  Judge Mensah held an evidentiary hearing on April 16, 2021, at which Officer DaShawn Wilson and the victim, Diane Myers, testified. Judge Mensah thereafter issued a Report and Recommendation ("R&R"), recommending that Defendant's motion to suppress be denied.  (Doc. No. 78).

`

Defendant filed objections to the R&R.  (Doc. No. 81).  Defendant objected to the Magistrate Judge's finding that Ms. Myers "would have been able to look directly into [the perpetrators'] faces," at page 3 of the R&R, but otherwise agrees with all other factual findings.  Defendant further objects to the legal conclusions in the R&R that the identification procedure was not unduly suggestive and that any questions regarding reliability should be tested by cross-examination at trial.  The government responded to the Objections.

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the Court is required to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made."  *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

I conducted a *de novo* review of the motion to suppress, including a review of the transcript of the hearing.  Based on that review, I have determined that the Magistrate Judge made proper factual findings and correctly concluded that the identification should not be suppressed.  I therefore adopt the thorough reasoning of Magistrate Judge Mensah in denying the motion to suppress.

Specifically, on this record, the Court agrees with Judge Mensah's factual findings, which are well-supported by the record, including the single finding to which Defendant objects.  Ms. Myers testified, unequivocally, that she observed both individuals as they exited their car and approached her car; that one subject was standing a foot or two away at her car window, and the other was at the window on the other side

of her car; their neither individual was wearing a mask; that it was daylight; that she got a good look at them; that nothing obstructed her view; and that she saw their faces.  (Tr. at 11, 13-14).  She testified that she looked at the person at her window "dead in the face," and looked over at the person at her passenger window, and his gun was pointed at her, too. (Tr. 31, 37).  With respect to the identification, she testified, "I knew who did it because I looked him directly in the face," further noting, "He looked me dead in the face when he carjacked me."  (Tr. at 21, 22).

     The Court also agrees with Judge Mensah's legal conclusion that the on-scene identification of Defendant was not unduly suggestive and does not violate due process.  As noted in the R&R, courts use a two-step analysis to determine whether an identification is unreliable.  *United States v. Martin*, 391 F.3d 949, 952 (8th Cir. 2004).  First, the defendant must establish that the identification process used was "impermissibly suggestive."  *Id.; see generally, Neil v. Biggers*, 409 U.S. 188, 198-99 (19972).  If the procedure was impermissibly suggestive, then the court inquires "whether, under the totality of the circumstances of the case, the suggestive confrontation created a very substantial likelihood of irreparable misidentification."  *Martin*, 391 F.3d at 952.

     In this instance, the police located victim's car and detained Defendant slightly less than an hour after the carjacking, and the identification occurred approximately 20-25 minutes thereafter.  While Defendant was the only individual shown to the victim, and he was shown to the victim while standing between two police officers in front of a police van, the officers did not say anything to the victim to suggest they believed

3

Defendant was one of the carjackers. They simply advised the victim that they had located her car, that they had someone in custody, and that they wanted her to look at him to see if she recognized him. She was not pressured or threatened in any way, and she did not draw any conclusions based upon what she was told. (Tr. 18-19, 24). As such, the Court agrees with the Magistrate Judge that the procedures are in line with those in *United States v. Pickar*, 616 F.3d 821, 828 (8th Cir. 2010) and *United States v. Martinez*, 462 F.3d 903, 911 (8th Cir. 2006), and were not unduly suggestive. While Defendant urges the Court to determine that a show-up identification is *ipso facto* unduly suggestive, the Eighth Circuit has rejected such a conclusion. *Martinez*, 462 F.3d at 910-11.

Because Defendant has failed to meet his burden to establish that the procedures were unduly suggestive, it is unnecessary for the Court to address the second step of the analysis. Nevertheless, on these facts the identification would not be subject to suppression because I find on this record that the identification is sufficiently reliable. In making this determination, courts examine the five factors identified in *Biggers*, 409 U.S. at 199-200 and *Manson v. Brathwaite*, 432 U.S. 98, 115 (1977). While the testimony at the hearing was a bit confusing and may raise questions regarding the accuracy of the prior description given by Ms. Myers, all other factors weigh heavily in favor of reliability. The witness had a very good opportunity to view the carjackers, paid great attention at the time of the crime, and was certain of her identification, and very little time elapsed between the events and her identification. Even if the Court were to find some question with respect to the above two steps, any question regarding reliability in this situation is better tested through the trial process, including cross-examination and

4

proper jury instructions, as the Magistrate Judge suggests.  *See Perry v. New Hampshire*, 565 U.S. 228, 233 (2012).

Thus, after careful and independent consideration, the Court will overrule Defendant's Objections, and will adopt and sustain the thorough reasoning of Magistrate Judge Mensah set forth in support of her recommended ruling, as further qualified herein.

Accordingly,

**IT IS HEREBY ORDERED** that the Objection to the Report and Recommendations filed by Defendant Jody Brison is **DENIED**. [Doc. No. 81]

**IT IS FURTHER ORDERED** based on my *de novo* review that the Report and Recommendation of the Magistrate Judge [ECF No. 78] is **SUSTAINED and ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Identification [Doc. No. 57] is **DENIED**.

                                                  _Audrey G. Fleissig_
                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE

Dated this 20th day of July, 2021.